RULEY, JUDGE:
The claimants are residents of Delta Road No. 56, commonly known as the Cherry Hill Road, in Monongalia County. In this case they seek the recovery of damages in the sum of $3,800.00 for an alleged breach of an oral contract allegedly made in July, 1974, by and between them on the one hand and the Department of Highways on the other hand.
The contract allegedly was made on behalf of the respondent by Dan L. Shearer (who then was employed by the respondent at its *228 office in Monongalia County and was in the business of selling or brokering drainage pipe as a sideline) and by the respondent’s Monongalia County Superintendent, J. Robert Chittum. The gist of the contract according to the allegations was that the respondent would install certain drainage pipe and stone upon and along the Cherry Hill Road, with the understanding that the drainage pipe would be delivered to that site by Mr. Shearer, to whom the claimants agreed to pay and did pay $3,800.00 for such pipe. A large part of the drainage pipe was delivered and installed, the breach charged being failure to deliver and install properly all of the materials. It is not contended by the claimants that any employee of the respondent had actual authority to make, in its behalf, the alleged contract. Rather, their theory of liability on the part of the respondent is bottomed on the doctrine of apparent agency. The problem with that theory as applied to this case is that the West Virginia decisions have declined uniformly to apply it to cases involving public officers and employees. Illustratively, in Samsell v. State Line Dev. Co., 154 W.Va. 48, 174 S.E. 2d 318 (1970), it is stated in Syllabus 4:
“4. Agent’s Acts — Scope of Authority—
‘Acts of a private agent may bind the principal where they are within the apparent scope of his authority; but not so with a public officer, as the State is bound only by authority actually vested in the officer, and his powers are limited and defined by its laws.’ ”
See also Mountain State Consultants, Inc. v. State, 7 W.Va. Ct. Cl. 213 (1969), at 216, where it is stated:
“* * * Parties contracting with the State or any of its Agencies do so at their peril, and must inquire into the legal powers of the State representatives to incur liability on behalf of the State.”
In view of the law applicable to this issue, it is not necessary for the Court to pass upon other issues in the case and this claim must be, and it is hereby, disallowed.
Claim disallowed.